1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANILA PODANA,

11              Petitioner,                    No. CIV S-07-1873 FCD DAD P

12        vs.

13   DEBORAH PATRICK, Warden,

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner, a state prisoner proceeding pro se, has filed an amended petition for

17   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On January 4, 2008, the undersigned

18   ordered respondent to respond to the petition.  On January 28, 2008, respondent filed a motion to

19   dismiss, arguing that petitioner's habeas petition is time-barred and contains unexhausted claims.

20   Petitioner has not filed any opposition to the motion.[1]

21                                 **BACKGROUND**

22              Petitioner challenges a judgment of conviction for manslaughter entered in the

23   Sacramento County Superior Court on January 28, 2004.  (Am. Pet. at 2; Resp't's Lodged Doc.

24   1.)  The trial court found one sentencing enhancement allegation to be true and sentenced

25   _____

26        [1] On March 14, 2008, the court directed petitioner to file her opposition to respondent's
     motion within twenty days.  Petitioner has not complied with the court's order.

                                      1

1  petitioner to a determinate state prison term of twenty-one years.  (Lodged Doc. 1.)  Petitioner

2  did not appeal her conviction to the California Court of Appeal or the California Supreme Court.

3  (Resp't's Mot. to Dismiss at 1.)

4       From June 2004 through March 2007, petitioner filed eleven state habeas petitions

5  in the Sacramento County Superior Court.  (Lodged Docs. 2-23.)  In due course, the court denied

6  all of those petitions.  (Id.)  Petitioner did not pursue habeas relief in the California Court of

7  Appeal or the California Supreme Court.

8       On July 9, 2007, petitioner filed her federal petition for writ of habeas corpus in

9  the United States Court of Appeals for the Ninth Circuit.  The Ninth Circuit then transferred the

10  petition to this court.  On December 26, 2007, petitioner filed the amended petition which is now

11  the operative pleading before the court.

**RESPONDENT'S MOTION TO DISMISS**

13       Respondent moves to dismiss the amended petition arguing that it is both time-

14  barred and contains unexhausted claims.  First, respondent argues that the initial federal petition

15  was filed beyond the one-year statute of limitations set out in 28 U.S.C. § 2244(d).  (Resp't's

16  Mot. to Dismiss at 4-5.)  In this regard, respondent contends that petitioner's judgment of

17  conviction was entered on January 28, 2004, and became final when the time for filing a direct

18  appeal expired on March 29, 2004.  (Id.)  The one-year limitations period began running on the

19  following day, March 30, 2004.  (Id.)

20       Respondent acknowledges that the time during which a properly filed application

21  for state post-conviction or other collateral review with respect to the pertinent judgment or claim

22  is pending shall not be counted toward the limitation period under AEDPA.  (Resp't's Mot. to

23  Dismiss at 4.)  Respondent contends that here, petitioner did not ascend up the state court

24  hierarchy as required and unreasonably delayed in filing her state habeas petitions.  (Id. 4-8.)

25  Accordingly, respondent concludes that the one-year limitations period for filing a federal

26  petition expired while petitioner was pursuing her eleven state habeas petitions.  (Id. at 8.)

Respondent also argues that petitioner failed to exhaust her federal claims. (Resp't's Mot. to Dismiss at 9.)  Specifically, respondent contends that petitioner did not present any of her claims to the California Supreme Court.  (Id.; Lodged Doc. 24.)  Respondent contends that at this point it would be futile to dismiss the petition for failure to exhaust because any second amended petition would likewise be time-barred.  (Id.)  Accordingly, respondent concludes that the court should dismiss this case with prejudice.

**ANALYSIS**

I.  The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA").  AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

/////

/////

1   28 U.S.C. § 2244(d).  The AEDPA one-year statute of limitations applies to all federal habeas

2   corpus petitions filed after the statute was enacted and therefore applies to pending petition.  See

3   Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

4   II.  Application of § 2244(d)(1)(A)

5          Judgment was entered against petitioner in the Sacramento County Superior Court

6   on January 28, 2004.  Petitioner did not appeal her conviction to the California Court of Appeal

7   or the California Supreme Court.  For purposes of federal habeas review, petitioner's conviction

8   therefore became final on March 29, 2004, when the sixty-day period for filing a direct appeal

9   expired.  See Cal. Rules of Court, Rule 8.308.  The AEDPA one-year statute of limitations period

10  began to run the following day, on March 30, 2004, until it expired on March 29, 2005.

11  Petitioner filed her federal habeas petition more than two years later, on July 9, 2007.

12  Accordingly, petitioner's petition for writ of habeas corpus is untimely unless she is entitled to

13  the benefit of tolling.

14         "The time during which a properly filed application for State post-conviction or

15  other collateral review with respect to the pertinent judgment or claim is pending shall not be

16  counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of

17  limitations is not tolled during the interval between the date on which a judgment becomes final

18  and the date on which the petitioner files his or her first state collateral challenge because there is

19  no case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner

20  commences state collateral proceedings, a state habeas petition is "pending" during a full round

21  of review in the state courts, including the time between a lower court decision and the filing of a

22  new petition in a higher court, as long as the intervals between those petitions are "reasonable."

23  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

24         Here, petitioner filed eleven state habeas petitions in the Sacramento County

25  Superior Court.  (Lodged Docs. 2-23.)  Under these circumstances petitioner is entitled to

26  statutory tolling only from June 28, 2004, the date that she filed her first state habeas petition in

4

1   that court, to August 26, 2004, the date the court denied the petition.  (Id., Docs. 2 & 3.)

2   Petitioner is not, however, entitled to tolling for the period of time her subsequent petitions were

3   pending before the Sacramento County Superior Court because she did not proceed from a lower

4   court to a higher court with her petition.  See Delhomme v. Ramirez, 340 F.3d 817, 820-21 (9th

5   Cir. 2003) (filing of a new habeas petition at the same level triggers a separate round of review);

6   Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) ("an application for post conviction relief

7   is pending during the 'intervals between a *lower* court decision and a filing of a new petition in a

8   *higher* court.'"); Gillie v. Yates, 417 F. Supp. 1134, 1139 (C.D. Cal. 2006) (petitioner who filed

9   three petitions in the Superior Court was not entitled to tolling because each of those petitions

10   triggered an entirely separate round of review); Norris v. Sisto, No. C. 06-3631 MHP (pr), 2007

11   WL 1574564 *2-3 (N.D. Cal. May 30, 2007) (same); see also Carey, 536 U.S. at 223 ("We find

12   that California's system functions in ways sufficiently like other state systems of collateral

13   review to bring intervals between a lower court decision and a filing of a new petition in a higher

14   court within the scope of the statutory word 'pending.'").

15           As noted above, petitioner did not file her first federal habeas petition until July 9,

16   2007.  Petitioner never completed a full round of collateral review in the state courts.  Rather she

17   filed all eleven of her state habeas petitions only in the Sacramento County Superior Court

18   thereby entitling her to only approximately two months of statutory tolling while the first of those

19   petitions was pending.  Accordingly, by that time petitioner filed her first federal petition, the

20   AEDPA statute of limitations had expired over two years earlier.  Accordingly, respondent's

21   motion to dismiss should be granted, and petitioner's federal petition should be dismissed with

22   prejudice.[2]

23   /////

24

---

25           [2] Although respondent's argument regarding petitioner's failure to exhaust her claims
     before the highest state court also appears to clearly be well-taken, the court need not reach that
26   question in light of the recommendation that the petition be dismissed as time-barred.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's January 28, 2008 motion to dismiss be granted;

2.  Petitioner's petition for a writ of habeas corpus be dismissed with prejudice; and

3.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 13, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
poda1873.157